## ALFRED DUNSHEE, RESPONDENT, *v.* JOSEPH GEOGHEGAN, APPELLANT.

MEASURE OF DAMAGES.—SALE OF LAND.—FAILURE TO CONVEY.— Where a vendor enters into an agreement to convey real estate which he knows at the time of the agreement that he does not own and has no right to sell or convey, the measure of damages for failure to convey is the difference between the contract price and the price at the time of the purchase, together with payments already made.

APPEAL from a judgment of the district court of the third district, and from an order refusing a new trial.

The findings of the lower court were that the agreement to convey was executed and delivered; that five hundred dollars were paid down; that defendant failed and refused to make conveyance of the property; that defendant never returned to plaintiff the five hundred dollars paid; that the contract price of the property was three thousand six hundred dollars; that its value at the time the conveyance should have been made was five thousand dollars; and that plaintiff was entitled to damages in the sum of nineteen hundred dollars, with interest.

The court did not find as to plaintiff's knowledge of the defect in defendant's title, or as to defendant's good faith in attempting to induce his co-owners to convey.

*Messrs. Stephens and Schroeder,* for the appellant.

*Mr. Charles W. Boyd,* for the respondent.

MINER, J.:

This is an action brought by the plaintiff, Dunshee, against the appellant, Geoghegan, in the third district court, January 7, 1890, wherein the plaintiff claims that on October 28, 1889, he purchased from the defendant a certain lot of land in Salt Lake City, through defendant's agent, as a real estate dealer; and that a written agreement was entered into, which was duly signed and delivered by the defendant to the plaintiff, wherein defendant promised and agreed to sell and convey to the plaintiff the whole of said lot, for an agreed consideration of $3,600, $500 of which sum was then paid to the defendant by the plaintiff, and the balance of the purchase price was to be paid January 1, 1890, at which date a full conveyance of the property was agreed to be made by the defendant to the plaintiff; and that on January 1, 1890, the plaintiff tendered to defendant the balance due on said contract of purchase, and demanded a deed in accordance with the terms of the contract, which deed of conveyance was refused, and plaintiff claims damages in the sum of $5,000 in consequence thereof. Defendant admits the due execution of the contract to sell and convey the premises as stated, but denies that he was the owner of the said land at the time of the execution and delivery of the contract, except only an undivided one-third part thereof; that his power to convey the whole of the land was conditional upon the joining of his co-tenants in such deed, which he in good faith believed they would do, all of which facts plaintiff well knew when the contract was made. Defendant tendered judgment for $550 and costs before trial. The case was tried before the court, a jury being waived.

On the trial it appeared that the land had appreciated in value, and was worth from $7,000 to $8,500 on Janu-

ary 1, 1890; that plaintiff had duly complied with the terms of his contract, tendering the balance of the money then due, with a deed for execution, etc., and placed himself in position to be entitled to a deed of the whole premises under the terms of the contract. It also appears that the defendant knew he only owned an undivided one-third interest in the land at the time he made the contract of sale, and had no right to bind his co-tenants to his contract, or sell their interest therein; that his co-tenants had refused to join in conveying the land; but it does not appear from the testimony that defendant made any effort to secure the title from them. Plaintiff had reason to know, from the abstract furnished by defendant's agent, that there was a defect in plaintiff's title before the purchase, but relied upon the defendant to perfect it under his contracts and supposed he had full control of the property when he purchased. The contract makes no mention of any interest in the lot being owned by any one aside from the defendant. After plaintiff's tender, and the refusal of the defendant to convey the lot, plaintiff offered to accept a warranty deed from defendant of his one-third interest in the land, and clear up and purchase the title of the other joint owners. The defendant refused to execute any conveyance except a quitclaim deed of his one-third interest. The court below found the value of the property at the time of the conveyance should have been made to be $5,000, an appreciation after the contract of sale of $1,400, and gave plaintiff judgment for this sum and $500, advanced payment, and interest thereon, amounting in all to $1,950.50.

The only question presented by this appeal is the measure of damages to be allowed plaintiff upon the facts proven. It is a fact, from the proofs in the case, that the land had increased in value nearly 50 per cent.

after the contract of sale, and before its maturity. A knowledge of these circumstances may have induced the defendant to use no diligence in procuring and perfecting the title, and in refusing to convey the same as he agreed to do. He knew at the time he entered into this contract, and received the $500 cash payment, that he did not own the property he was contracting to sell, and he knew at that time he could not convey the full title without first obtaining that of his co-tenants or inducing them to join in the conveyance. He allowed his agent, or the man making the sale for him, to represent that he controlled the title, thus inducing the buyer to invest his money upon the good faith of his contract, in expectation of receiving the benefits therefrom, and at the same time assuming the chance of being a loser by means of the purchase. Had the property depreciated in value defendant would have been entitled to his money on the contract, and had the plaintiff refused to pay as agreed, it is possible he might now be tendering a full conveyance, and demanding damages for the plaintiff's refusal to perform his contract.

While there is a diversity of opinion upon this subject, yet the weight of authority supports the doctrine that when a vendor has title, and for any reason refuses to convey it as required by his contract, he should respond in damages in which he should make good to the plaintiff what he has lost by his bargain not being performed; but when a party contracts to sell real estate which he knows at the time he has not the power to sell and convey, and does not own, or if he sells what he owns, in whole or in part, and on account of a rise in value he fraudulently refuses to convey, then, in either case, he should be held to make good to the vendee the loss of his bargain, and it does not excuse the vendor that he may have acted in good faith, and believed when he

entered into the contract that he should be able to pro-
cure a good title for his purchaser.    This rule will give
the vendee the difference between the contract price and
the value at the time of the purchase, as profits or dam-
ages which are the result of the contract.   *Hopkins* v.
*Lee*, 6 Wheat. 109; *Mack* v. *Patchin*, 42 N. Y. 175;
*Pumpelly* v. *Phelps*, 40 N. Y. 59; *Sweem* v. *Steele*, 5
Iowa, 352; *Allen v. Atkinson*, 21 Mich. 351; *Baldwin* v.
*Munn*, 2 Wend. 399; 2 Suth. Dam. 217; *Tracy v. Gunn*,
29 Kan. 508.   Had this action been brought to recover
on a breach of covenant of warranty of title, the claim
of the defendant, as measure of damages, may have been
sustained, provided the facts warrant it, as in that case
the measure of damages might be the consideration paid,
and interest.   *Staets* v. *Ten Eyck*, 3 Caines, 115.   There
was some conflict of testimony in this case, but the trial
court had the opportunity to see the witnesses on the
stand, and hear their testimony, and observe their man-
ner of testifying, and was better qualified to judge of
the weight to be given the testimony than this court
could by reading it.   We are satisfied the conclusion
reached by the trial court was correct.   Judgment of the
court below is affirmed, with costs.

ANDERSON, J., and BLACKBURN, J., concurred.