[Civ. No. 9676. Second Appellate District, Division One.—June 22, 1934.]

GRANT CARVER, Plaintiff and Respondent, v. ABE DONIN, Defendant and Respondent; CORA CIRINO, Appellant.

A. G. Ritter for Appellant.

Charles L. Nichols and Carleton B. Wood for Plaintiff and Respondent.

E. E. Sawyer and Syril S. Tipton for Defendant and Respondent.

CONREY, P. J.—In an action to recover damages for personal injuries caused by negligence of the defendants, judgment was entered against the defendants.

The judgment was entered on January 8, 1934. On January 11th appellant Cirino duly and regularly filed in said

action a document entitled disaffirmance of judgment, wherein she stated that she thereby disaffirmed the judgment ''on the ground that at the time of the trial of said action said defendant was a minor of the age of twenty years, and that said defendant did not become of the age of twenty-one years until December 25, 1933, and at the time of the trial of said action said minor was not represented by any guardian or guardian *ad litem*''. ██ On the same day, January 11th, defendant served and filed notice of motion to vacate the judgment on the same grounds above stated. This motion was made upon the records and files of the action, and the affidavit of appellant attached to the notice of motion. In the affidavit appellant stated that she was born on December 25, 1912; that she was not represented at the trial of the action by any guardian or guardian *ad litem;* that at the time of the trial, and also in a deposition given prior to the trial, she testified that she was of the age of twenty years; that plaintiff at all times had knowledge of said facts through his attorney and took no steps to have any guardian or guardian *ad litem* appointed for said defendant; that for said reasons affiant was desirous of having the judgment set aside.

The said motion having been duly presented and heard by the court in accordance with the notice and without any counter-affidavits on the part of the plaintiff, the motion was denied. The present appeal is from the order denying said motion. Appellant having filed her brief on appeal, the plaintiff now moves that the appeal be dismissed, or the order affirmed, on the ground that the appeal is without merit and that the questions on which the decision of the cause depends are so unsubstantial that they need no further argument.

From the bill of exceptions it further appears that the action was brought to trial on December 21, 1933, and was submitted for decision on December 22d, and so remained until findings of fact and conclusions of law were filed on January 5, 1934, followed by entry of judgment on January 8th; that the appellant was not represented by any guardian or guardian *ad litem;* that after December 25, 1933, and before the decision of the court or entry of judgment the attorneys of record for appellant communicated additional points and authorities on behalf of appellant to the court,

and to counsel for plaintiff, and at such time duly represented the appellant as her attorneys in said action; that at all times up to and including January 8, 1934, appellant did not raise any question as to her minority; that the only reference thereto was the statement of her age in response to a question propounded therefor; that she attended throughout the trial of said action, and aided and assisted her said counsel, both as a witness and in marshaling other witnesses.

It is provided by section 372 of the Code of Civil Procedure that when an infant is a party he must appear either by his general guardian or by a guardian *ad litem* appointed by the court in which the action is pending. Appellant relies upon various decisions which establish the rule that a judgment against an infant in an action in which no guardian or guardian *ad litem* has ever been appointed may be disaffirmed by the infant after reaching majority provided he acts promptly and without laches, but that the judgment is not void. (*Johnston* v. *Southern Pac. Co.,* 150 Cal. 535, 539 [89 Pac. 348, 11 Ann. Cas. 841].) The subject is reviewed at some length in *King* v. *Wilson,* 116 Cal. App. 192 [2 Pac. (2d) 833]. There the defendant, Ralph Wilson, was a minor at the time of the trial, and (we assume) down to the date of entry of judgment there was no guardian and no guardian *ad litem* appointed for him. The court held that under the circumstances shown by the record appellant suffered no loss of substantial rights, and the judgment was affirmed. The facts in that case were very similar to those presented in the case at bar, although we have here the additional facts that the decision was not filed and the judgment was not entered until after appellant attained her majority; and that after appellant became of age and prior to the decision of the cause, attorneys properly representing her acted in her behalf by presenting to the court additional points and authorities upon the matters submitted, which matters did not include any item relating to the minority of appellant.

From the foregoing it plainly appears that the ground of appeal relied upon by appellant is without merit, and that the question presented required no further argument.

The order is affirmed.

Houser, J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 20, 1934.