328 P.2d 730

**WEBER BASIN WATER CONSERVANCY DISTRICT, Plaintiff and Appellant,**

v.

**Willard A. SKEEN, also known as Willard Arthur Skeen, John G. Braegger, Jr. and Elsie L. Braegger, his wife, et al., Defendants and Respondents.**

No. 8803.

Supreme Court of Utah.

Aug. 5, 1958.

Neil R. Olmstead, Ogden, E. J. Skeen, Salt Lake City, for appellant.

Joseph C. Foley, Ogden, George M. Mason, Brigham City, Robert B. Porter, Jr., Salt Lake City, for respondents.

McDONOUGH, Chief Justice.

Plaintiff appeals from a judgment of the District Court entered upon a special verdict awarding $80,000 to the defendants John G. and Elsie L. Braegger, in a condemnation proceeding. Defendants' land was taken in connection with the creation of the Willard Dam, a part of the Weber Basin Reclamation Project. Defendants' recovery consisted of $66,850 for the value of the land taken, $11,300 for damages to buildings and improvements and $1,850 as severance damage to some 37 acres not condemned. The defendants operated a farm, which included a dairy and cattle business, located near Willard, Utah. Approximately 138 acres of this farm were condemned.

Plaintiff contends (1) that the award of the jury was excessive, influenced by passion and prejudice; (2) that the portion of the award given to compensate for severance damage is totally unsupported by the evidence; and (3) that the trial court committed error by giving the jury certain instructions orally, contrary to the provisions of Rule 51, Utah Rules of Civil Procedure.

We examine these contentions in the order set forth.

 The contention that the alleged excessive verdict was influenced by passion and prejudice is grounded upon questions asked and comments made by certain jurors relative to elements of damage. Read out of their context and the circumstances under which they were voiced, such questions and comments would suggest that some of the jurors desired to award defendants the maximum amount permissible. However, appraised in light of the whole record we are not persuaded that the verdict was tainted by passion or prejudice. Nor can we say that the damages were in fact excessive.

There were three expert witnesses called to testify to the value of defendants' property, two called by plaintiff and one by defendants. Plaintiff's experts reached figures of roughly $45,000 and $50,000 respectively, while defendants' witness estimated the value to be near $80,000.

Defendants' expert and one of plaintiff's each testified that in their opinion there had been no damage done to the remainder by severance of the condemned land. The parties had stipulated that plaintiff would provide an access road, fencing, irrigation ditches and head gates for the remaining land to ensure its usefulness. Defendants testified the remainder would be of little value to them as it was too small for their normal business use.

 The jury had the benefit of opinions from three qualified experts as to the value of the land. Although these opinions varied considerably it is within the prerogative of the jury to believe whom it chooses, and it chose to believe defendants' expert

rather than plaintiff's. On cross examination of the two experts, called by plaintiff, some doubt was cast an the thoroughness of their inspection of the land, and this may well have affected the jury's consideration of their lower evaluations.

■ When a jury verdict is supported by competent evidence, as was here the case, it is generally left unaltered by this court.[1] In this case the alleged passion and prejudice which could alter this rule[2] has not been demonstrated. Despite plaintiff's attempt to show the jury's hostile attitude it remains that the award was within the estimate of value given by one of the expert witnesses and being thus supported by competent evidence, is entitled to the recognition and affirmation of this court. The fact that the jury chose to render its verdict in harmony with the highest of the available valuations is not in itself cause for reversal.

The second point raised by plaintiff is well taken. As noted above the jury, with divergent elements of competent evidence before it, can make its finding in accordance with such of that evidence as it feels preponderates and such determination is then respected by the appellate courts. This respected stature, however, is predicated upon the existence of some competent evidence in support of the verdict.

■ At trial all the expert opinion offered on the subject of severance damage indicated no such damage would be inflicted upon defendants; that is the remaining land would have the same per-acre value after severance as before. This view was expressed by defendants' own witness, upon whose judgment defendants rely to support the jury verdict. A party cannot call a witness to testify and then select only that testimony favorable to his cause, ignoring that which is unfavorable. In the face of the testimony of these men skilled in property valuation the statement by defendant, John G. Braegger, that damage would result, cannot reasonably be said in light of the other evidence to establish the required basis to support the jury's finding on severance damage. The award of $1,850 for severance damage is set aside.

Lastly plaintiff charges prejudicial error to have been committed when the trial court, during the presentation of the evidence, orally gave instructions to the jury. Rule 51 of the Utah Rules of Civil Procedure declares that absent a contrary stipulation by the parties, all instructions given a jury must be in writing.

■ Despite this rule there are instances when it becomes necessary to orally instruct a jury, for example, to indicate the legal effect of having certain testimony stricken, or to remove a misconception from the minds of the jurors, or to answer a direct question asked by a juror. Such problems

2. Rule 59(a) 5, Utah Rules of Civil Procedure.

cannot wait until the conclusion of the trial to be answered, it is essential the jury have a fair and clear view of the evidence and the issues as the trial proceeds.

Without going into unnecessary detail, it is sufficient to say the remarks complained of were made in response to questions from the members of the jury and were for the purpose of clarifying and delineating the issues. An examination of these instructions reveals them to have been very carefully limited in scope and fairly presented. If there were any undue benefit to be gained therefrom it would have been in favor of plaintiff. The majority of the comments limited the scope of the jury's consideration, eliminating from a possible award such items as personal property, tax ramifications, and the benefit, if any, accruing to the condemnor.

It should be noted that plaintiff not only failed to make request that these instructions be written but he joined in their presentation, volunteering to the court additional information or inserting clarifications of his own. Furthermore, no objection was made and no exception was taken to the giving of such instructions until several weeks after the verdict was returned when findings and judgment were submitted to the court, despite the fact that the very rule invoked requires that objections must be made before the jury retires to consider its verdict.

After examination of the record and in light of the foregoing we find no prejudicial error. The judgment is modified by eliminating the award for severance damages, and as so modified is affirmed. No costs awarded.

CROCKETT, WADE and WORTHEN, JJ., concur.

HENRIOD, J., concurs in the result.