478 P.2d 507

STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Appellant,

v.

Lewis R. DILLREE and Retta R. Dillree, his wife, and First National Bank, Defendants and Respondents.

No. 12030.

Supreme Court of Utah.

Dec. 22, 1970.

Henriod, J., concurred and filed opinion.

Vernon B. Romney, Atty. Gen., Brant H. Wall, Special Asst. Atty. Gen., Salt Lake City, for appellant.

Glen E. Fuller, Salt Lake City, for respondents.

TUCKETT, Justice.

The State commenced these proceedings in eminent domain to acquire certain land owned by the defendants for highway purposes. The only issues before the court were the fair market value of the property taken as of March 6, 1968, and the amount of severance damage, if any.

The defendants had purchased the land and improvements in question in 1959 for the purpose of establishing a mink ranch. The principal improvements upon the property were a home and eight mink sheds.

At the conclusion of the trial, the jury returned a verdict awarding to the defendants the sum of $32,754 for the land and improvements, and the sum of $2,321 as severance damage, making a total award of $35,075. The jury awarded to the defendants the amounts testified to by the defendant Lewis R. Dillree. The amounts testified to by Dillree were greater than those testified to by the experts called as witnesses by the defendants. One expert, Lincoln Jensen, testified that the value of the land taken was in the sum of $31,651, and that severance damage was in the sum of $1,785, making a total of $33,436. Thomas Baum, also called by the defendants as an expert, testified to a value of $31,377 for the land taken, and the sum of $1,610 as severance damage, making a total of $32,987. The State's witnesses testified to compensation in the sum of $24,370 and $24,454.

It is the plaintiff's contention here that the verdict of the jury being in excess of the items of compensation testified to by the defendants' expert witnesses that the same is not supported by a preponderance of the evidence, and that the award was excessive, appearing to have been made under the influence of bias and prejudice. It would seem that the jury accepted the testimony of the defendant Lewis R. Dillree as to the value of the land and improvements taken and the severance damage resulting by reason of the taking to

the remaining tracts. It should be noted that the opinion of Mr. Dillree as to value only exceeded that of the highest expert called on behalf of the defendants by a sum of slightly more than $1,600. The testimony of Mr. Dillree revealed that he had remodeled the home upon the land in question, that he had built the mink sheds himself, that he was familiar with the costs of construction, and generally with land values in the vicinity of the land taken.

 Mr. Dillree being an owner of the property, together with his wife, was a competent witness as to the value of the property taken and as to severance damages incurred.[1] There is nothing in the record to indicate that the award of the jury was influenced by passion, bias or prejudice except the single fact that the verdict was in excess of the amounts testified to by the expert witnesses. That fact alone is insufficient to persuade us that the verdict was in fact excessive or that it was tainted by passion or prejudice.[2] The verdict and judgment of the court below is affirmed. No costs awarded.

CROCKETT, C. J., and CALLISTER and ELLETT, JJ., concur.

HENRIOD, Justice (concurring).

I concur except for the affirmance of the slightly more than $1,600 awarded in excess of Dillree's expert witness's top figure. He called this witness and should accept his figure, since his evidence is no stronger than his strongest link, much less its weakest, and his own testimony, obviously self-serving even by the facts related in the main opinion, not based on the accepted test for damages, should be restricted to the test of his own chosen expert witnesses based on market, not opinion value. The main opinion points out its own weakness in affirming this $1,600 award in excess of any amount testified to by any witness, by saying Dillree "revealed that he had remodeled the home," and had "built the mink sheds himself," all of which has nothing to do with willing buyers, willing sellers, highest and best use, or market value. It would be unthinkable to affirm a jury's verdict based on the value to the owner of his pride of production that may be quite unattractive to one cruising in the market overt.

The case should be sent back with instructions to enter judgment for the amount testified to by Dillree's highest and best appraiser.

1. Salt Lake & Utah R. Co. v. Schramm, 56 Utah 53, 189 P. 90.

2. Weber Basin Water Cons. Dist. v. Skeen, 8 Utah 2d 79, 328 P.2d 730.