479 P.2d 469

**Garth WHITNEY, Plaintiff and Respondent,**

**v.**

**Dave WALKER and Chanae Marie Walker, Defendants and Appellants.**

**No. 11959.**

Supreme Court of Utah.

Jan. 12, 1971.

---

Callister, C. J., concurred in result.

**204**

L. E. Midgley, Salt Lake City, for defendants-appellants.

Armstrong, Rawlings, West & Schaerrer, David E. West and Neil D. Schaerrer, Salt Lake City, for plaintiff-respondent.

TUCKETT, Justice:

The plaintiff, Garth Whitney, filed his action in the court below to recover for personal injuries suffered by him as a result of an automobile accident. On the evening of September 19, 1968, the plaintiff had parked his automobile in a driveway adjacent to a church in Salt Lake County. After parking the automobile, the plaintiff was in the process of locking it when he was struck by a vehicle being operated by Chanae Walker who was accompanied by her father, Dave Walker. Chanae was age 15 years and her driving experience had been very limited. The automobile had only just been purchased by the defendant Dave Walker and it was the first time that Chanae had operated it. The facts would indicate that Chanae was unable to control the movement of the car or to stop the same prior to its collision with the plaintiff.

The negligence of Chanae was admitted and the issue of liability was submitted to the jury solely upon the claimed contributory negligence on the part of the plaintiff. The jury returned a verdict adverse to the defendants and they have appealed to this court.

As a result of the collision the plaintiff, a 40-year-old real estate salesman, suffered painful injuries to the groin area for which he was hospitalized for a period of 16 days. The plaintiff was also unable to work for a period of six months. He received a laceration of the calf of his leg and his other injuries were confined to the pelvic region. His injuries included a six-inch tear in the scrotum and an injury to the penis which has rendered him partially impotent. In the opinion of a medical expert called by the plaintiff, the injury to the penis is permanent and cannot be corrected by surgical or medical treatment.

The jury awarded the plaintiff special damages in the sum of $1,351.40 and general damages in the sum of $37,500. The evidence shows that the plaintiff suffered loss of earnings in the sum of $7,536.66, which were included in the award of general damages.

The defendants on appeal seek a reversal of the verdict and judgment found against them in the court below on three principal grounds. Firstly, the defendants claim that it was error for the court to proceed without first having appointed a guardian ad litem for the defendant Chanae Walker. The defendants call our attention to the provisions of Rule 17(b), Utah Rules of Civil Procedure, which provides:

When an infant * * * is a party, he must appear either by his general

guardian, or by a guardian ad litem appointed in the particular case by the court in which the action is pending.

Our attention is also directed to Rule 17(c), which provides:

When a guardian ad litem is appointed by a court, he must be appointed as follows:

\*    \*    \*    \*    \*    \*

(2) When the infant is defendant, upon the application of the infant if he is of the age of fourteen years and applies within 20 days after the service of the summons, or if under that age or if he neglects so to apply, then upon the application of a relative or friend of the infant, or of any other party to the action.

It does not appear that the language of the rules above quoted has been construed by this court. However, similar language contained in the rules and statutes of other states have been before the appellate courts in a number of jurisdictions.

In the case before us it appears that the defendant Chanae Walker appeared and filed her answer to the complaint of the plaintiff, went to trial, and was defended by able and experienced counsel, and it would appear that it was only after the verdict was returned against her that she raised the matter of her minority as a defense. It should be noted that the rule above referred to does not place the responsibility of having a guardian appointed upon the plaintiff alone. It would seem that the responsibility is equally upon the defendant to have a guardian ad litem appointed at her own instance to render any assistance which might be necessary in the conduct of her defense. A survey of the record fails to disclose that Chanae had been deprived of any meritorious defense, nor does it disclose that she has been misled or in any way deprived of any benefit she might have had through the assistance of a guardian ad litem. We are in accord with the rule from other jurisdictions that the plea of infancy is a personal privilege which may be waived and without a showing of fraud, collusion, or other substantial error going to the merits of the case the minor defendant is not entitled to be relieved of the judgment against her.[1] Under the statute the defendant Dave Walker was responsible for the negligent operation of the automobile.[2]

■ Secondly, the defendants' claim that the court's instructing the jury that the life expectancy of one aged 41 years is 31.4 years was reversible error. The defendants contend that the record in this

1. King v. Wilson, 116 Cal.App. 191, 2 P.2d 833; Carver v. Donin, 139 Cal.App. 395, 33 P.2d 841; Trolinger v. Cluff, 56 Idaho 570, 57 P.2d 332.

2. Section 41–2–22, U.C.A.1953.

case does not indicate that the plaintiff's injuries will in any way affect his future earnings. The defendants call our attention to prior decisions of this court which have dealt with the subject, but it should be noted in most cases that both mortality tables and annuity tables or combinations of the two were admitted for the purpose of aiding the jury in determining probable loss of future earnings. In the instant case the court in its instruction only referred to life expectancy. While the giving of the instruction would appear to be unnecessary, nevertheless, the jury would in any event have some knowledge as to life expectancy of persons in the age group of the plaintiff. Cases from other jurisdictions follow the rule that life expectancy is pertinent in cases where there are permanent injuries.[3] We are of the opinion that the giving of the instruction was not prejudicial.

Thirdly, the defendants contend that the verdict was excessive and appeared to have been given under the influence of passion or prejudice. The defendants fail to direct our attention to anything in the record except the size of the verdict which would indicate passion or prejudice. Courts in other jurisdictions have approved awards similar to the award in this case.[4]

Reasonable minds may differ on the amount of compensation adequate to compensate the plaintiff in this case for the injuries he has sustained. The amount awarded here is not so disportionate as to indicate that passion or prejudice influenced the jury's decision.[5]

The other points on appeal urged by the defendants do not appear to justify reversal. The judgment of the court below is affirmed. Respondent is entitled to costs.

HENRIOD, ELLETT, and CROCKETT, JJ., concur.

CALLISTER, C. J., concurs in result.

---

3. City of Okmulgee v. Clark (Okl.), 425 P.2d 457; Roberts Const. Co. v. Henry, 265 Ala. 608, 93 So.2d 498.

4. Norton Company v. Harrelson, 278 Ala. 85, 176 So.2d 18; see also 12 A.L.R.3d 657.

5. Weber Basin Water Conservancy Dist. v. Skeen, 8 Utah 2d 79, 328 P.2d 730; Schneider v. Suhrmann, 8 Utah 2d 35, 327 P.2d 822.