515 P.2d 442

Joseph L. HOWARTH and Marion H. Howarth, Plaintiffs and Appellants,

v.

Robert N. OSTERGAARD et al., Defendants and Respondents.

No. 13293.

Supreme Court of Utah.

Oct. 25, 1973.

Pete N. Vlahos, Vlahos & Gale, Ogden, for plaintiffs and appellants.

Jackson B. Howard, Howard, Lewis & Petersen, Provo, for Ostergaards.

Heber Grant Ivins, American Fork, for Bank of Pleasant Grove.

CROCKETT, Justice:

Plaintiffs Howarth purchased a home from the defendants Ostergaard, in Linden. They allege that the defendants wrongfully recorded a mortgage on the property, which prevented the plaintiffs from obtaining a bank loan, and that they thus lost profits anticipated from financing a Christmas tree business. Upon a trial to the court, it made the findings and judgment against the plaintiffs and they appeal.

The Howarths bought the home under a uniform real estate contract in May of 1962. The price was $20,500, $1,500 down,

the balance to be paid at $150 per month. The contract provided that:

> The seller is given the option to secure, execute and maintain loans secured by said property of not to exceed the then unpaid contract balance hereunder
>
> . . . .

By the fall of 1970 the plaintiffs had paid the balance down to just over $13,000. They made application to the Lockhart Company for a loan of up to $5,000, part of which they intended to use in making a bid on 1,500 white balsam fir trees (a preferred type of Christmas tree) from the U. S. Forest Service in the Manti National Forest. Meanwhile, the Ostergaards had mortgaged property they owned, including that in question here, to the defendant Bank of Pleasant Grove, for $17,000. Plaintiffs assert that it was this fact which prevented them from obtaining the loan from the Lockhart Company; that they couldn't finance the Christmas tree business; that they lost the anticipated profits therefrom.

On the basis of the foregoing plaintiffs argue that they are entitled to recover damages for slander of their title, and for interference with their peaceable and quiet enjoyment of their property.

It is generally held that malice is an element of the cause of action for slander of title.[1] However, we concede the correctness of plaintiffs' argument that this does not require that it be affirmatively shown that the wrong was done with an intent to injure, vex or annoy, or because of hatred, spite or ill will. The malice may be implied by the law, where a party knowingly and wrongfully records or publishes something which is spurious or untrue, or which gives a false or misleading impression, adverse to another's title, under such circumstances that he should reasonably foresee might result in damage to the property owner.[2]

But the difficulty with the plaintiffs' argument that their case comes within the principle of law just stated is their inability or refusal to see the facts in any light other than favorable to their own position. The rule of review is to the contrary: that on our review we look to the whole evidence in the light favorable to the trial court's findings; and this includes any fair inferences to be drawn from the evidence and all of the circumstances shown. Moreover, the burden was upon the plaintiffs to prove their cause of action by a preponderance of the evidence; and

---

1. Barnett v. Hitching Post Lodge Inc., 101 Ariz. 488, 421 P.2d 507, 39 A.L.R.2d, 840; that the filing of an instrument in good faith, though mistaken, is not actionable as slander of title see, Dowse v. Doris Trust Co., 116 Utah 106, 208 P.2d 956.

2. See Olsen v. Kidman, 120 Utah 443, 235 P.2d 510; See also Birch v. Fuller, 9 Utah 2d 79, 337 P.2d 964, and Restatement of Torts, Vol. 3, Sec. 624.

the trial court having refused to so find, this court on review would reverse and compel findings in accordance with their contentions only if the evidence were such that all reasonable minds must necessarily so conclude.[3]

It is true that the mortgage to the Bank of Pleasant Grove for $17,000 exceeded the $13,000 plaintiffs owed on the contract, and thus exceeded the amount of a loan which the contract authorized the Ostergaards to maintain on the property. But as opposed to the plaintiffs' contention that this constituted slander of their title, these observations are to be made: The recording of plaintiffs' mortgage to the Bank of Pleasant Grove created nothing false, spurious or misleading about the title. It simply represented the facts. And although the amount was in excess of that allowed by the contract, when the plaintiffs' attorney, in a letter dated October 15, 1970, requested the Bank of Pleasant Grove to release the mortgage within five days, the Bank complied with that request. The trial court was not convinced of the plaintiffs' contentions, but made the following findings expressly to the contrary:

> No malice by defendants or any of them has been shown either in the giving of the mortgage and its recordation or in any action or inaction pertaining to its subsequent release.

The giving of the mortgage, its recordation, and the failure of the Bank to release the same until November 2, 1970, were not legal causes of plaintiffs' failure to obtain adequate and timely finance for the Christmas tree venture.

The claimed loss of profits from the Christmas tree venture in which the plaintiffs say they would have engaged are too speculative to be considered.

The third finding just recited, as to the speculative nature of profits anticipated from the Christmas tree venture, is involved in the plaintiffs' other claim of error: That they were denied their right to trial by jury. The record shows:

> The Court: The Record may show, I suppose, that a jury trial was originally demanded by the plaintiff, and that the plaintiff waived the jury trial.

> Mr. Vlahos: May the Record show that it was waived, your Honor, based on the representations made to my office; that based on our pretrial the Court indicated that the Court would probably not allow the issue of damages concerning the loss of profits on Christmas trees to go to the jury.

Thus the waiver of the jury was conditional, as the plaintiffs argue. Therefore, whether they waived a jury trial is dependent upon the correctness of the trial court's

---

3. See Super Tire Market, Inc. v. Rollins, 18 Utah 2d 122, 417 P.2d 132, and Martindale v. O. S. L. RR. Co., 48 Utah 464, 160 P. 275.

indication that he "would probably not allow the issue of damages concerning loss of profits on Christmas trees to go to the jury."

The problem as to when and under what circumstances damages may be recovered for loss in operating a business is, as is true in so many controversial areas in the law, a coin that has at least two sides to it. The basic and general rule is that loss of anticipated profits of a business venture involve so many factors of uncertainty that ordinarily profits to be realized in the future are too speculative to base an award of damages thereon.[4] The other side of the coin is that damages to a business or enterprise need only be proved with sufficient certainty that reasonable minds might believe from a preponderance of the evidence that the damages were actually suffered.[5]

We note our awareness of the evidence that the plaintiffs had been engaged in the floral, nursery and Christmas tree business for some time. Nevertheless, with respect to this particular venture, as to the bidding on the trees and the projected enterprise, we do not disagree with the trial court's statement upon which the waiver of the jury by the plaintiffs was predicated.

Affirmed. The parties to bear their own costs.

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

---

4. 22 Am.Jur.2d, page 243: "No recovery can be had for loss of profits which are determined to be uncertain, contingent, conjectural, or speculative."; Jenkins v. Morgan, 123 Utah 480, 260 P. 532; Van Zyverden v. Farrar, 15 Utah 2d 367, 393 P.2d 468.

5. Gould v. Mountain States Tel. & Tel. Co., 6 Utah 2d 187, 309 P.2d 802; Eastman Kodak Co. v. So. Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684.