**Don S. SMITH and Brigham H. Smith, Plainitffs,**

v.

**R. L. WARR, Defendant, Cross-Complainant and Appellant,**

v.

**J. H. EHLERS, Evelyn P. Boyce and Lois P. Connell, Defendants, Cross-Defendants and Respondents.**

**No. 14565.**

Supreme Court of Utah.

May 13, 1977.

David A. Westerby and Joseph C. Rust, Kirton, McConkie, Boyer & Boyle, Salt Lake City, for Warr.

Milton V. Backman and David B. Boyce, Salt Lake City, for Ehlers.

R. S. Johnson, Salt Lake City, for Connell & Boyce.

Robert C. Cummings, Salt Lake City, for Connell & Boyce.

WILKINS, Justice:

This appeal involves a breach of contract for the sale of real estate.

On August 20, 1973, buyer (appellant) contracted with sellers (respondents) to purchase the property in question. The Uniform Real Estate Contracts they executed provided that title was to be passed by special warranty deed upon full payment. Within four months of the signing, an action in adverse possession was initiated by plaintiffs below (not parties to the present appeal) to quiet title against sellers. On June 16, 1975, plaintiffs joined buyer as a party defendant in said action. In his answer, buyer filed a cross complaint against sellers for breach of contract. Buyer, however, continued to make payments on the contract throughout the adverse possession proceeding.

The District Court of Salt Lake County entered judgment in favor of the plaintiffs, the adverse possessors. Subsequently, on January 16, 1976, the Court ruled in favor

of buyer on his cross complaint against sellers. Damages were awarded, however, only in the amount of buyer's out-of-pocket loss, and both attorney's fees and costs were denied. Buyer is appealing from the judgment in his favor below claiming that the court erred in awarding him only his out-of-pocket loss, rather than the larger amount of the benefit-of-the-bargain damages, i. e., the market value of the property at the time of the breach less the amount of the unpaid purchase money (as part of the contract price had been paid).

The issue on appeal, therefore, is whether the correct measure of damages for a breach of contract for the sale of real property in the State of Utah is out-of-pocket loss or benefit-of-the-bargain damages.

There is a split of authority among the states as to which measure of damages is appropriate for a breach of contract for the sale of land. Some states award benefit-of-the-bargain damages only if the breach was committed in bad faith. Others consistently award benefit-of-the-bargain damages, whether or not the breaching party had good faith cause for failing to convey.

Sellers argue that, although Utah has never expressly articulated which of these two positions it adheres to, case law in this state indicates that the good faith-bad faith distinction is required, and that only out-of-pocket loss is to be awarded in the case of good faith breach. Since the District Court made a finding of good faith on Sellers' part, sellers contend it would then follow that out-of-pocket loss would be the correct measure of damages.

Sellers' contention that benefit-of-the-bargain damages have only been awarded in this state when the breach was in bad faith, however, is not well-founded. Sellers rely, for example, on *Bunnell v. Bills,* 13 Utah 2d 83, 368 P.2d 597 (1962). In that case the seller had contracted to sell to the buyer property that he did not yet own, but which he had contracted to buy. The seller was financially unable to proceed with the purchase of the property, and his contract with the owner was consequently rescinded, whereupon the buyer sued for breach of contract. There is no mention of bad faith in this Court's decision in *Bunnell,* nor is bad faith apparent from the facts of the case, yet this Court stated there:

> The measure of damages where the vendor has breached a land sale contract is the market value of the property at the time of the breach less the contract price to the vendee. *Id.* 368 P.2d at 601.

Other cases cited by sellers in support of their position that Utah has implicitly followed the rule that awards benefit-of-the-bargain damages only in case of a bad faith breach are similarly unconvincing. In *Dunshee v. Geoghegan,* 7 Utah 113, 25 P. 731 (1891), for example, where bad faith was apparent, the court awarded benefit-of-the-bargain damages and then stated by way of dictum: "and it does not excuse the vendor that he may have acted in good faith . . . ." *Id.* 25 P. at 732. Sellers also cited good faith cases, in which only out-of-pocket loss was awarded the buyer. In these cases, however, the buyers had only sought out-of-pocket losses, and the court expressly recognized that damages on the contract would also have been an available remedy. See e. g. *McBride v. Stewart,* 68 Utah 12, 249 P. 114 (1926).

The rule followed by Utah is that benefit-of-the-bargain damages are to be awarded for breach of contract for the sale of real estate, regardless of the good faith of the party in breach. We therefore reverse, and remand to the District Court for a determination of damages consistent with this opinion, for an award of reasonable attorney's fees as required by the contract, and for costs below in the discretion of the Court. Costs on appeal to Buyer-Appellant Warr.

ELLETT, C. J., and CROCKETT and MAUGHAN, JJ., concur.

HALL, J., does not participate herein.