**HANOVER LIMITED, a general partnership, Plaintiff and Appellant,**

v.

**DeAnna FIELDS, Defendant and Respondent.**

**No. 14830.**

Supreme Court of Utah.

Sept. 1, 1977.

1. *State v. Wilson*, Utah, 565 P.2d 66 (1977).  2. *State v. Logan*, Utah, 563 P.2d 811 (1977).

L. Charles Evans, Salt Lake City, for plaintiff and appellant.

Richard W. Campbell of Olmstead, Stine & Campbell, Ogden, for defendant and respondent.

HALL, Justice:

Plaintiff filed an action to enforce payment of a promissory note and defendant counterclaimed to obtain a refund of a down payment on the purchase of a condominium and damages for wrongful attachment. The matter was tried without a jury and from that portion of the judgment rendered in favor of defendant on her counterclaim, plaintiff appeals.

The parties entered into a Uniform Real Estate Contract dated March 18, 1975, for the purchase of a condominium. Defendant was unable to secure financing and in a subsequent attempt to do so the parties entered into an Earnest Money Receipt and Offer to Purchase dated July 31, 1975. This agreement was conditioned upon the availability of financing by August 15, 1975. To further enhance defendant's position in obtaining financing, plaintiff loaned her $1,000 to cover closing costs. Again defendant's loan application was denied and she was unable to finance through her own sources.

The trial court determined that the underlying condition of all the dealings of the parties was that long-term financing would be obtained through their mutual best efforts and that failing, neither party would be obligated. The court concluded further that the initial agreement of the parties became integrated into the Earnest Money Receipt and Offer to Purchase and the promissory note and that upon failure to accomplish financing, the plaintiff was entitled to payment on the note, that defendant was entitled to the refund of her down payment and damages for wrongful attachment.

Plaintiff asserts as error 1) the court's determination as to integration of the con-

tractual documents; 2) the refusal to view the acts of defendant as ratification of the initial agreement; 3) the refusal to find a lack of good faith on the part of defendant in seeking financing; and 4) in refusing to allow certain offsets.

 Plaintiff's second and fourth claims of error pertaining to ratification and offsets were issues not raised in the pleadings nor presented at trial and consequently cannot be considered for the first time on appeal.[1]

 In regard to the remaining assertions of error, this court is constrained to look at the whole of the evidence in the light favorable to the trial court's findings, including any fair inferences to be drawn from the evidence and all of the circumstances shown.[2] The trial court's findings shall not be disturbed unless the evidence is such that all reasonable minds would be persuaded to the contrary.[3]

A comprehensive review of the record discloses adequate evidence to support the concept of integration as well as a finding of good faith compliance with the terms of the agreement.

 The evidence presented was primarily documentary and the Earnest Money Receipt and Offer to Purchase is an instrument in general use in this area, complete on its face and contained no ambiguities. Prior to its execution the parties had not been able to obtain the financing necessary to accomplish the sale and purchase and it appears perfectly logical and reasonable for the trial court to determine that since the initial contract had failed to produce the mutually desired result that a new approach, through a different contractual arrangement, was agreed upon and in turn substituted for or became integrated therewith.

As to the matter of good faith, defendant clearly relied upon the knowledge and expertise of plaintiff in the complicated area of real estate sales and financing. She applied for loans as directed on two separate occasions and each time was turned down. She then made application for funds from her own banking connection without success. The record is devoid of any holding back or unwillingness on her part.

The judgment is affirmed. Costs to defendant.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

1. *Wagner v. Olsen*, 25 Utah 2d 366, 482 P.2d 702 (1971).

2. *Howarth v. Ostergaard*, 30 Utah 2d 183, 515 P.2d 442 (1973); *Del Porto v. Nicolo*, 27 Utah2d 286, 495 P.2d 811 (1972).

3. *Super Tire Market v. Rollins*, 18 Utah 2d 122, 417 P.2d 132 (1966).