Steve Jay TERRY, Plaintiff
and Respondent,

v.

R. Leland PANEK and Linda K. Panek,
Defendants and Appellants.

No. 17128.

Supreme Court of Utah.

June 2, 1981.

Matt Biljanic, Midvale, for defendants and appellants.

Heber Grant Ivins, American Fork, for plaintiff and respondent.

OAKS, Justice:

This appeal involves buyers' counterclaim for damages resulting from a seller's alleged breach of contract and fraud in the sale of real property. After hearing buyers' evidence on the counterclaim in a trial before a jury, the trial court dismissed the counterclaim for no cause of action, and buyers have appealed. The issue is the adequacy of buyers' proof of damages. We reverse.

Buyers, husband and wife, entered into an earnest money agreement with seller to purchase a house and 2.99 acres in Fairview, Utah, for $22,500. Buyers paid $20,000 at the time of closing, and executed a personal note for $2,500 due one year thereafter. When buyers defaulted on that note, seller began this action to enforce payment. Buyers counterclaimed, alleging that seller had promised property with two water wells and delivered property with only one well and that seller had falsely represented that the property had two wells.[1] In their counterclaim, buyers sought to have their damages for breach of contract and fraud offset against the amount admittedly due on the note.

■ There was sufficient evidence of breach of contract and fraud to take the case to the jury on both of those issues.[2] The sufficiency of evidence on the issue of liability is not denied and is not in issue on this appeal.

The issue on this appeal is whether the trial court was correct in concluding that buyers had not presented sufficient evidence upon which the jury could make an award of damages for the absence of one water well.[3] The only relevant evidence on the issue of damages was buyer Linda Panek's testimony that seller told her that water wells on this property were each worth $3,500. Was that evidence a sufficient basis for an award of damages for breach of contract or fraud?

■ The measure of damages for breach of contract for the conveyance of land is the difference between the contract price and the market value at the time of the breach. *Smith v. Warr*, Utah, 564 P.2d 771 (1977). The measure of damages for fraud is the difference between the value of property received and the value it would have had if the representations were true. *Pace v. Parrish*, 122 Utah 141, 247 P.2d 273 (1952). On the facts of this case, evidence on the value of one water well would be relevant to either measure of damages. The value of one well would be good evidence of the difference between the market value of the property received (property with one well), and the contract price or value of the property represented (market value of property with two wells).

■ Seller argues that the dismissal should be affirmed since buyers' evidence of damages was too uncertain. That argument is unpersuasive since the principle

1. Buyers' causes of action were based on the earnest money agreement's promise and seller's alleged representations that seller would convey 2.99 acres, with 4 shares of water and two wells, rather than what buyers actually received: 2.45 acres, with 1.4 shares of water and one well. The acreage and water shares issues were resolved at trial and are not involved in this appeal.

2. As to breach of contract, the earnest money agreement contained these words following the description of the property: "and including wells and approx. 1.4 shares of water rights." There was conflicting evidence at trial about the number and nature of wells actually on the property.

As to fraud, buyer Linda Panek testified that seller had told her that there were two wells on the property, which appeared to be borne out

by her inspection, and buyer Lee Panek testified that the buyers would not have purchased the property if they had known there weren't two wells. Seller denied ever stating that there were any legal wells on the property.

3. Buyers' counterclaim sought damages for the difference in value between the property with one well and the promised or represented property with two wells. Buyers later sought to amend their complaint to claim damages for the absence of two wells, arguing that they had recently discovered that the only well on the property was the illegal 18-foot surface well, which in their estimation was not a well at all within the meaning of seller's promise or representations. Since buyers have not assigned error in the denial of that motion, we treat the issue as it was phrased in the counterclaim.

seller relies upon [4] proscribes uncertainty on the causal connection between the wrong and the damage suffered, not uncertainty on the amount of damages. In *Gould v. Mountain States Telephone & Telegraph Co.*, 6 Utah 2d 187, 193, 309 P.2d 802, 805 (1957), this Court stated:

> The rule against recovery of uncertain damages is generally directed against uncertainty with respect to cause rather than to measure or extent, so that a party who has broken his contract will not ordinarily be permitted to escape liability because of uncertainty in amount of damage resulting, and the fact that the full extent of damages for breach of contract must be a matter of speculation is not a ground for refusing all damages.[5]

Though an award based on total lack of evidence cannot be sustained, the fact that the evidence upon which a court awards damages is sparse is no reason to deny all recovery for a wrong. For example, in *Thornton v. Pasch*, 104 Utah 313, 317, 139 P.2d 1002 (1943), this Court found that an admission that a construction project would require 1,230 tons of roofing material to cover 2,000 units was sufficient for a jury to determine the damages attributable to a breach of the construction contract.

In this case, buyers' testimony showed that seller had stated in connection with the sale of the property that the wells were worth $3,500 each. As to the issue of damages, it has long been the rule in Utah that a knowledgeable owner is competent to give evidence on the market value of his real property. *Williams v. Oldroyd*, Utah, 581 P.2d 561 (1978); *State Road Commission v. Dillree*, 25 Utah 2d 184, 478 P.2d 507 (1970); *Provo River Water Users Ass'n v.*

*Carlson*, 103 Utah 93, 133 P.2d 777 (1943).[6] The out-of-court admissions of an owner who is a party to the action, Rule 63(7), Rules of Evidence, fit within that rule and are therefore admissible against him on the issue of damages. The issue of fact raised by seller's denial that he made the statement regarding the value of the wells and the weight to be given to that statement (if found to be made) in view of seller's asserted lack of information on the value of wells are matters that can be appropriately evaluated by the trier of fact.

Seller also argues that Linda Panek's own testimony indicated that the buyers had no use for another well and therefore were not damaged by its absence. Even if seller's interpretation of the meaning of buyers' testimony is accurate, this argument would only have merit if it could be shown that the property was no more valuable with a well than without it. In this kind of case, damages are based on differences in market values and contract price, not an assessment of the value of the use buyers would make of the property. Those differences are also issues for the trier of fact.

The issues of liability and damages should have been permitted to go to the jury. The order of the trial court dismissing the counterclaim is therefore reversed, and the case is remanded for proceedings consistent with this opinion.

MAUGHAN, C. J., and HALL, J., concur.

STEWART, Justice, (dissenting):

I cannot concur in the ruling that there was sufficient evidence of damage to allow it to go to the jury. The majority states that the appropriate measure of damages is based on market value. But there is no

---

4. *Dunn v. McKay, Burton, McMurray & Thurman*, Utah, 584 P.2d 894 (1978); *Howarth v. Ostergaard*, 30 Utah 2d 183, 515 P.2d 442 (1973).

5. *Winsness v. M. J. Conoco Distributors*, Utah, 593 P.2d 1303, 1305–6 (1979), makes an appropriate modification in this statement by denying that a verdict can be based on "mere speculation," but reaffirms the principle that "some degree of uncertainty is inevitable in damage determinations" and that where there is strong

evidence of liability and the fact of damage, "a defendant should not escape liability because the amount of damage cannot be proved with precision."

6. Compare *Utah State Road Comm. v. Johnson*, Utah, 550 P.2d 216 (1976); *Utah State Road Comm. v. Steele Ranch*, Utah, 533 P.2d 888 (1975), qualifying this rule as to owners who are not knowledgeable or communicative on market value.

evidence, in my view, of market value in this case. Even if it be conceded that the plaintiff's out-of-court statement as to the value of the well is sufficient to establish the value of the well, the testimony falls far short of providing a reasonable basis for determining market value of the whole parcel without a working well. Surely in this case such evidence would not have been hard to come by. The point cannot be avoided by the general principle that some uncertainty in evidence of damage is to be expected. That principle has especial application in cases dealing with lost profits because of lost sales, see *Winsness v. M. J. Conoco Distributors, Inc.*, Utah, 593 P.2d 1303 (1979); loss of good will; losses occasioned by inability to reduce unit costs; etc. These types of losses inevitably are burdened with considerable uncertainty because of the nature of the factors which must be considered. Market value, as a measure of damages, may give rise to conflicting testimony, but the basic factors to be considered are not so difficult to evaluate. In any event, there must be some evidence of market value, and there is none.

HOWE, J., concurs in the dissenting opinion of STEWART, J.