HAUER CONSTRUCTION Co., INC., Appellant, *v.* CITY OF NEW YORK, Respondent.

Supreme Court, Appellate Term, First Department, November 24, 1948.

*S. Shiras Hauer* for appellant.

*John P. McGrath, Corporation Counsel* (*Albert Cooper, Seymour Quel* and *Edward A. Heffernan* of counsel), for respondent.

PECORA, J. This is an appeal by plaintiff from an order of the Special Term, City Court, New York County, which on an application to renew a motion for summary judgment theretofore granted in favor of defendant, modified the prior order by granting the defendant's motion for summary judgment as to the first cause of action, and denying it as to the second cause.

The first cause of action is to recover $1,651.05 for extra work alleged to have been performed by plaintiff as a general contractor under a public improvement contract made with the defendant on October 30, 1942. In the second cause plaintiff seeks to recover $296.25, which it alleges it paid to defendant under circumstances claimed to amount to business coercion.

The contract in question provided in paragraph 21, as follows: '' No action shall lie or be maintained by the contractor * * * against the City upon any claim arising out of or based upon this contract * * * unless such action shall be commenced within six months after the date of filing in the office of the Comptroller of the City of New York of the final certificate * * *.''

It clearly appears that the work under the contract was completed on April 27, 1944. A final certificate thereof was filed in the comptroller's office on May 8, 1945. This action was instituted on April 18, 1946, more than six months after the date of the filing of the final certificate.

In its answer the city pleaded, as an affirmative defense, that the action is barred because it was not brought within the contractual six months' period of limitation. The court below upheld this defense, and upon it based its decision dismissing the first cause of action on defendant's motion for summary judgment. We think this was error.

Contractual stipulations which limit the right to sue to a period shorter than that granted by statute, are not looked upon with favor because they are in derogation of the statutory limitation. Hence, they should be construed with strictness against the party invoking them.

In the instant case, the contractual agreement of limitation should be read and applied in the light of the provisions of sections 343–5.0 and 343–6.0 of the Administrative Code of the City of New York, under which defendant is required to furnish plaintiff with a copy of the final certificate.

Under subdivision a of section 343–5.0, '' Whenever any payment shall become due upon any contract for work or construction; the head of the agency or officer having the work in charge shall furnish a certificate to the person or persons entitled to such payments.'' Subdivision b thereof provides that '' Final payment · * * * shall be made only after the head of the agency * * * shall furnish a certificate to the effect that such contract has been completed * * *. Such certificate shall be signed by him and filed in the office of the comptroller.'' It is required by section 343–6.0 that '' Within five days after his acceptance of any work under contract, the head of an agency shall file with the comptroller a final certificate of the completion and acceptance thereof, signed by the chief engineer or head of such agency.''

It is admitted here that the work done by plaintiff was satisfactorily completed and accepted on April 27, 1944. Indeed the final certificate made by the defendant's commissioner of public works recites that '' the work has been completed to my satisfaction and is hereby accepted by me on April 27th, 1944.'' This certificate, however, is dated April 25, 1945 — or nearly one year after the actual completion and acceptance of the work — and was not filed until May 8, 1945, notwithstanding the statutory requirement that it be filed within five days after such completion and acceptance. It is further conceded that no copy of the certificate was ever furnished to the plaintiff. Thus, the defendant failed to comply with the statutory requirements of the Administrative Code.

It is true that the agreement set forth in paragraph 21 of the contract does not in terms obligate the city to furnish the plaintiff with a copy of the final certificate nor to give notice of its filing in the comptroller's office. But where the act which starts the contractual period of limitation to run is one to be performed by the city, viz., the filing of the final certificate in the

comptroller's office, common fairness would dictate that the contractor be given notice of such filing so that it might thereby be apprised of the fact that the period of limitation had actually commenced to run. The observance by the defendant of the requirements of the Administrative Code above referred to, would have accomplished that result.

Because of the acknowledged failure of defendant so to do, we conclude that the contractual period of limitation has not effectively run against this action. Hence so much of the order of April 22, 1947, as grants defendant's motion to award it summary judgment dismissing the first cause of action should be reversed, and the motion denied, with $10 costs and disbursements to abide the event. In all other respects the appeals are dismissed.

EDER and HECHT, JJ., concur.

Order reversed, etc.