505 P.2d 1199

**Keith J. LANE and Leah H. Lane, Plaintiffs and Appellants,**

**v.**

**Raisa W. WALKER and Cyril F. Walker, Defendants and Respondents.**

No. 12868.

Supreme Court of Utah.

Jan. 29, 1973.

Aldrich, Bullock & Nelson, J. Robert Bullock, Provo, for plaintiffs and appellants.

Heber Grant Ivins, American Fork, for defendants and respondents.

HENRIOD, Justice:

Appeal from a quiet title judgment establishing a boundary by acquiescence favorable to defendants. Affirmed.

This is an action to quiet title to an area described by metes and bounds and also by a fence or evidence of its existence uninterruptedly for upwards of 48 years,—a fact reasonably believable from facts in the record.

Plaintiffs urge that there is no evidence to indulge a fiction that there was a fence mutually "intended" to be a boundary. To this we say that the test to establish the boundary by "acquiescence" necessarily need not be based on mutual "intent." "Intent" is not synonymous with "acquiescence" in these cases. "Acquiescence" is more nearly synonymous with "indolence," or "consent by silence,"—or a knowledge that a fence or other monuments appears to be a boundary,—but that no one did anything about it for 48 years. No one in this case did much except by invective, across the very fence that made irritants out of erstwhile neighbors, for 48 years,—until suddenly the appreciation of property values transmuted yesteryear's minimal values into objects d'art of inestimable value in the real estate market.

We think the facts of this case lend themselves to a required affirmation of the trial court, and we so hold, referring to previous cases of this court and the cases therein cited as being dispositive here.[1]

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

1. Motzkus v. Carroll, 7 Utah 2d 237, 322 P. 2d 391 (1958) ; King v. Fronk, 14 Utah 2d 135, 378 P.2d 893 (1963) ; Fuoco v. Williams, 18 Utah 2d 282, 421 P.2d 944 (1966).