UTAH STATE ROAD COMMISSION, Plaintiff and Appellant,

v.

The STEELE RANCH, a Utah Corporation, et al., Defendants and Respondents.

No. 13544.

Supreme Court of Utah.

April 3, 1975.

---

Rule 25, U.R.C.P.; see Bradbury v. Rasmussen, 16 Utah 2d 378, 401 P.2d 710.

9. 12 Utah 2d 325, 366 P.2d 478.

Vernon B. Romney, Atty. Gen., John S. McAllister, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

Jackson B. Howard, Provo, Eks Ayn Anderson, Salt Lake City, for defendants-respondents.

CROCKETT, Justice:

The State Road Commission sought to acquire 66.3 acres in fee, and 5.45 acres in temporary easement, for construction of the new freeway (Interstate 15) through the extensive ranch property owned by defendant Steele Ranch Corporation which lies in Juab County just south of the Utah County line. The only issues raised were as to damages. A jury returned a verdict for $96,164.50: $21,164.50 for land taken and $75,000 for severance damages. The Road Commission contends these are excessive.

The points of attack on the awards are: that they are not supported by the evidence; that the court erred in allowing evidence to be presented, and the jury to consider as an aspect of damages, the effect the construction of the highway would have on the separate home property owned by defendant Dr. John G. Steele, and not by the defendant Steele Ranch Corporation; and in disallowing plaintiff's challenges for cause to jurors who had acquaintance with and whose families had been attended by Dr. Steele.

The Steele Ranch Corporation owns about 2,500 acres of land, through which this new highway is constructed, with an

underpass to connect the east and west portions. Dr. John G. Steele, a physician who has practiced at Nephi for many years, owns the capital stock of the corporation. His home, on a one-acre plot adjoining the ranch, is held in personal ownership; and the corporation leases its land back to him. (Immaterial as to legal effect here, but of interest, is the fact that it is stated that this arrangement is to acquire a tax advantage.)

At trial, September 20–21, 1973, the range of testimony concerning the market value of the land taken and the severance damages to the remaining property was:

Victor Smith (for plaintiff)

|  |  |
|---|---|
| Land taken | $ 18,145.50 |
| Severance | 21,057.70 |
| Total | $ 39,203.20 |

Wilbur Harding (for defendant)

|  |  |
|---|---|
| Land taken | $ 20,518.50 |
| Severance | 47,791.25 |
| Total | $ 68,309.75 |

Dr. John G. Steele (for defendant)

|  |  |
|---|---|
| Land taken | $ 27,852.00 |
| Severance | 100,000.00 |
| Total | $127,852.00 |

The jury awarded:

|  |  |
|---|---|
| Land taken | $ 21,164.50 |
| Severance | 75,000.00 |
| Total | $ 96,164.50 |

The award of $21,164.50 for the land actually taken is sufficiently close to the values placed thereon by the expert appraisers that we have no concern about disturbing that award. What does arrest our attention is the $75,000 severance damages; and the critical question is whether the $100,000 estimate of Dr. Steele should be regarded as "substantial" evidence to support that award.

In dealing with that problem, we recognize that neither the trial court, nor this reviewing court, should trespass upon the prerogative of the jury by applying a subjective measure of our own ideas of "reasonableness" and rejecting as not "substantial" any evidence which fails to meet that test. Allowance should be made for the fact that there is a comparatively wide orbit through which reasonable minds may swing; and that what may be considered reasonable in the broad sense need not necessarily fit into the exact pattern of our own thought. In the time honored and universally accepted rule that a finding or verdict must be supported by substantial evidence, the modifying adjective "substantial" has been used advisedly to indicate a higher degree of proof than just any evidence of any kind.[1] The requirement is that the evidence must be sufficient in amount and credibility that, when considered in connection with the other evidence and circumstances shown in the case, would justify some, but not necessarily all, reasonable minds acting fairly thereon, to believe it to be the truth. And conversely, if when so considered, the court is convinced that it is so inconsequential, or so clearly lacking in credibility, that no jury acting fairly and reasonably could so believe, it cannot properly be regarded as substantial evidence.[2]

It is in the light of the foregoing that we turn to an analysis of and make some observations concerning the estimate of $100,000 severance damages by Dr. Steele. A preliminary one is that some apprehension as to its soundness arises because it is so greatly in excess of the values placed thereon by the expert witnesses, who, with their expert knowledge, appear to have made careful analyses and computations concerning the values, including the severance damage. The estimate of $21,057 by expert Smith for the Road Commission, was more than doubled to $47,791 by Mr. Harding, the defendant's expert; and Dr. Steele more than doubled that again in reaching his estimate of

---

1. See 32A C.J.S. Evidence § 1016. It is sometimes stated that it must be more than a mere scintilla of evidence. See Seybold v. Union Pac. R. Co., 121 Utah 61, 239 P.2d 174 at 177, citing 9 Wigmore, 3d Ed., Sec. 2494, discussion and authorities there cited.

2. Ibid.

$100,000, nearly five times the estimate of Mr. Smith.

█ It is appreciated that it is often stated that an owner may testify to the value of his property.[3] We have no doubt that this is generally a safe and proper rule. But it is also true that when general rules are applied to specific circumstances difficulties are ofttimes encountered. It takes but brief reflection to realize that a person may come into ownership of property by inheritance, or otherwise, who may not have any realistic idea of its value. If it should so appear, the evidence would have no probative use and should be deemed incompetent;[4] and this may be true in varying degrees, with a corresponding effect upon its credibility. In our case it does appear that Dr. Steele had had considerable experience in dealings in property. Nevertheless, there is the important factor somewhat related to the above, that his estimate of severance damages, especially when it involved property owned by him, including his own home, may well have been suffused with a high degree of self-interest.

Along with the foregoing is to be considered a further difficulty; that the manner in which the case was submitted to the jury permitted them to appraise the severance damage, not only to the remainder of the ranch property, but also the adverse effect upon the residence property of Dr. Steele. It must be kept in mind that the ownership of the home by Dr. Steele and the ownership of the ranch by the Corporation makes those ownerships just as separate as if they were owned by any other separate entities or individual; and that the statute authorizes the award of severance damages only to the remainder of the tract from which the land condemned was taken.[5]

The defendants place some reliance on the somewhat similar case of Jonas v. State.[6] Notwithstanding dicta in that case relied upon by defendant, its holding is in accord with ours here. There the court refused to disregard the corporate structure for the purpose of treating two parcels as one unit as a basis for severance damages. It reasoned that where persons organized a corporation to acquire the advantages flowing from its existence as a separate entity, they should not be able to disregard the corporate entity to gain an advantage for another purpose.

█ In view of the frailties we have discussed above concerning the evidence as to severance damages, and the manner in which the jury was allowed to consider it, it is our conclusion that there is not a sufficiently sound foundation that the award of $75,000 can fairly and justly be regarded as being supported by substantial evidence. Accordingly, it is ordered that within 30 days after the remand of this case, the defendants shall file a consent to reduction of the severance damages down to the highest figure placed thereon by the expert testimony (their own expert, Mr. Harding, of $47,791); and if the defendants fail to do so, there shall be a new trial on the issues as to all damages to be paid.[7]

In view of our disposition of this case on the grounds hereinabove indicated, it is unnecessary to consider the claimed impropriety in not allowing challenges to jurors.

Remanded for proceedings as may be deemed appropriate and consistent with this decision.

HENRIOD, C. J., and ELLETT and MAUGHAN, JJ., concur.

TUCKETT, J., does not participate herein.

3. Provo River Water Users Ass'n v. Carlson, 103 Utah 93, 133 P.2d 777.

4. See 5 Nichols on Eminent Domain, 3d Ed., Sec. 18.4[2], and cases cited at n. 29.

5. Sec. 78–34–10(2), U.C.A.1953, authorizes the award of severance damages when the property sought to be condemned "constitutes only a part of a larger parcel" and defines them as "the damages which will accrue to the portion not sought to be condemned."

6. 19 Wis.2d 638, 121 N.W.2d 235, 95 A.L. R.2d 880.

7. As to precedent and this court's prerogative in so ordering reduction or a new trial see Duffy v. Union Pac. R. R. Co., 118 Utah 82, 218 P.2d 1080; Shepard v. Payne, 60 Utah 140, 206 P. 1098; Falkenberg v. Neff, 72 Utah 258, 269 P. 1008.