Gary T. ANDERSON, Plaintiff and Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, a Foreign Corporation, Defendant and Respondent.

No. 15372.

Supreme Court of Utah.

Aug. 3, 1978.

Stephen G. Morgan of Morgan, Scalley, Lunt & Kimble, Salt Lake City, for plaintiff and appellant.

Wendell E. Bennett, Salt Lake City, for defendant and respondent.

WILKINS, Justice:

Plaintiff was insured under a policy of insurance issued by defendant company

against loss as a result of theft. A burglary occurred at plaintiff's residence on April 2, 1974, while said policy of insurance was in effect, and plaintiff claims that he lost personal property having a replacement value of $4,390.40. After a trial on the issues, the District Court for Salt Lake County, sitting without a jury, granted defendant's motion for dismissal of plaintiff's complaint,[1] and entered judgment against plaintiff and in favor of defendant on the ground that plaintiff had failed to follow the procedure for claims of loss as outlined in the policy of insurance; viz., that he had not filed with the defendant a formal sworn "proof of loss" within sixty days of the loss, nor had he filed a complaint against the company within one year of the loss. Plaintiff appeals.

The evidence shows that immediately after the loss occurred, plaintiff supplied defendant's agent with a list of the missing items, together with his estimate of their values, which plaintiff claims constitutes a proof of loss, though it was not notarized or otherwise sworn to. The list included such items as suits, shirts, sweaters, pants, cases of liquor, a television set and a tape recorder. Defendant's agent requested receipts for the property as proof of the cost of each item, and plaintiff's ownership thereof. Plaintiff replied that he had no such receipts, as he was not in the habit of keeping them, particularly for the clothing and liquor. Plaintiff then engaged the services of an attorney to negotiate settlement of the claim for him. During such negotiations, which continued for more than a year, plaintiff supplied defendant with such documentation requested by defendant as was available, but no receipts for the stolen property were furnished to defendant.

On September 9, 1974, plaintiff's attorney sent defendant a letter stating:

Unless I hear from you regarding a reasonable settlement of the claim, I will immediately institute a law suit for collection of same,

Settlement was not made, and suit was not commenced at that time. Plaintiff retained a different attorney. Defendant's agent became ill, and the case was assigned to a different agent. On February 26, 1975, defendant's agent wrote to plaintiff's new attorney, acknowledging his entry into the case, and inviting the attorney to a conference to discuss adjustment of the loss. On March 26, 1975, the agent sent an inter-office memo to his superior advising him that he had received documentation from plaintiff. One week later, on April 2, 1975, the twelve month limitation period expired and defendant referred its file to its attorney. Thereafter, on May 25, 1975, the two attorneys discussed the case, and on June 3, 1975, plaintiff's attorney sent defendant's attorney a letter referring to this conference and forwarding another list of the stolen property, showing a downward adjustment of cash items. In the June 3rd letter the attorney offered to supply a sworn proof of loss, if required by the defendant company, and noted that further documentation requested by defendant was not available.

Plaintiff retained the services of yet another attorney. The new counsel sent sworn formal proof of loss to defendant on August 4, 1975, and commenced suit on October 2, 1975, eighteen months after the date of loss.

Pertinent provisions of the policy are:

Line 97: . . . *within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss*, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following: the time and origin of the loss, the interest of the insured and of all others in the property, the actual cash value of each item thereof and the amount of loss thereto, . . . [Emphasis in original.]

Line 150: The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Com-

---

1. Defendant moved for a directed verdict (Rule 50, U.R.C.P.); however, as there was no jury, the motion was properly one for involuntary dismissal under Rule 41(b).

pany and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided. . .

Line 157: No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

■ Plaintiff first contends that the court erred in entering judgment against plaintiff on the ground that he failed to submit a formal proof of loss within sixty days of the loss. *Stewart v. Commerce Insurance Co. of Glen Falls, N. Y.*[2] is controlling here. In that case, this Court held that the failure of the insured to submit a formal proof of loss under an insurance policy insuring damage to an automobile, which said policy contained provisions similar to those in the policy at issue, did not defeat his right to sue and recover under the policy, as the effect of those provisions was merely to require the insured to furnish the formal proof of loss prior to requiring payment.

The Court here did not base its judgment solely on this provision, however, but also found that plaintiff's failure to file an action within twelve months of the date of the loss prevented his recovery.

■ As a matter of general contract law, stipulations contained in a policy of insurance, if reasonable, are valid, binding and enforceable. But contractual limitations of the time in which to bring actions to enforce that contract are in derogation of the statutory six-year limitation on written instruments,[3] and are looked upon with disfavor.[4]

It is significant to note that one week before the year's limitation period ran, plaintiff had supplied defendant with all of the documentation requested by defendant's agent, and that defendant did not deny the claim, nor advise plaintiff that it would rely on the limitation, but instead continued to negotiate the claim, requesting further documentation after the period of limitation ran. The better reasoned cases hold that such actions on the part of the insurer operate to suspend the running of the time during the period of the negotiations, and the insured is permitted a reasonable time in which to bring suit after termination of negotiations or denial of the claim by the insurer.[5]

In the case of *Anderson v. Beneficial Fire and Casualty Company,* 21 Utah 2d 173, 442 P.2d 933 (1968), on which the District Court relied in making its judgment, the insurer gave the plaintiff notice of denial of his claim a full three weeks prior to the expiration of the limitation period, and this Court held that the plaintiff thus had notice in sufficient time to bring his action within the time, but failed to do so. There is no evidence in this record that the insurer ever denied plaintiff's claim until after the complaint was filed.

■ As defendant did not deny the claim, and continued the negotiations past the contractual limitation period, the defendant effectively waived its rights thereunder, and the Court erred in dismissing plaintiff's complaint on the basis that it was not timely.

2. 114 Utah 278, 198 P.2d 467 (1948).

3. Utah Code Annotated, 1953, Sec. 78–12–23.

4. See *Stewart v. Commerce Ins. Co. of Glen Falls, N. Y.,* supra; *Lewis v. Hopper,* 140 Cal. App.2d 365, 295 P.2d 93 (1956); *Commercial Standard Ins. Co. v. Lewallen,* Tex.Civ.App., 46 S.W.2d 355 (1932); *Hauer Constr. Co. v. City of New York,* 193 Misc. 747, 85 N.Y.S.2d 42 (1948).

5. See *Sudnick v. Home Friendly Ins. Co.,* 149 Pa.Super. 145, 27 A.2d 468 (1942); *Rogers v. Aetna Ins. Co.,* 76 F. 569 (D.C.N.Y.1896), aff'd 95 F. 103 (2d Cir.); *Prudential Fire Ins. Co. v. Trave-Taylor Co.,* 194 Okl. 394, 152 P.2d 273 (1944); *Insurance Co. of North America v. Board of Education,* 196 P.2d 901 (10th Cir. 1952), construing Oklahoma law. See also, Appelman, Insurance Law and Practice, Vol. 20A, Sections 11635 and 11637, and the cases cited thereunder.

Plaintiff next argues that an owner of personal property can testify as to his opinion concerning the value thereof; that the insured need not establish the actual cash value of the personal property stolen; and that the plaintiff insured is entitled to judgment in the amount of $4,390.40, as there was no evidence presented except the plaintiff's testimony regarding the value of the property lost.

All of these arguments grow out of defendant's contention that any judgment in favor of the plaintiff would find no basis in the evidence, as no competent evidence as to the value of the lost property was offered by plaintiff. Plaintiff testified as to the cost of replacing the stolen property, and the defendant asserts that he must show the "actual cash value" at the date of the loss, as provided in the policy.

█ This Court has long adhered to the rule that an owner of property is entitled to give his opinion thereon.[6] This Court cannot order judgment for plaintiff in the amount of his claim, however. The testimony of a party or other interested witness is not conclusive, even if it is not contradicted, as here. His testimony is to be given such weight and credibility as the trier of fact finds reasonable under the circumstances. As the District Court made no finding with respect to the value of the property, the case must be remanded to that Court for such determination.

█ Plaintiff also argues that he is entitled to prejudgment interest on any judgment rendered in his favor from the date of the loss. Prejudgment interest should be awarded in a case, such as this, where the loss is fixed as of a particular time and the amount of the loss can be calculated with mathematical accuracy,[7] and plaintiff is entitled thereto.

Reversed and remanded for further proceedings consistent with this opinion. Costs to plaintiff.

ELLETT, C. J., and MAUGHAN and HALL, JJ., concur.

CROCKETT, Justice (concurring with comments).

I concur, but add the following supporting comments. Inasmuch as the defendant insurance company did not deny the plaintiff's claim, but engaged in negotiations pursuant to which the plaintiff could reasonably believe that a settlement would be forthcoming; and this continued until after the one-year covenant in the contract had expired, the defendant should be estopped from asserting the covenant under the principles stated in the case of *Rice v. Granite School District*, 23 Utah 2d 22, 456 P.2d 159 (1969).

Regarding the plaintiff's opinion as to the value of his stolen property, this is to be said. The rule often stated that he may do so is based upon the assumption that the owner ordinarily would have some knowledge of the value of his property that it would have some probative value worthy of consideration. However, that rule is subject to the limitation that if it appears that the owner does not have any realistic idea as to the worth of the property in question, his testimony should not be admitted; and in any event, the fact trier is not bound to accept it. See discussion in *Utah State Road Commission v. Johnson et. al.*, Utah, 550 P.2d 216 (1976) and authorities cited therein; *Utah State Road Commission v. Steele Ranch*, Utah, 533 P.2d 888 (1975).

---

**6.** See *Provo River Water Users Ass'n v. Carlson*, 103 Utah 93, 133 P.2d 777 (1943); *Williams v. Oldroyd*, Utah, 581 P.2d 561, filed June 6, 1978.

**7.** *Fell v. Union Pacific Railroad Co.*, 32 Utah 101, 88 P. 1003 (1907); *Uinta Pipeline Corporation v. White Superior Co.*, Utah, 546 P.2d 885 (1976); *Jack B. Parson Construction Co. v. State of Utah*, Utah, 552 P.2d 107 (1976); *Bjork v. April Industries, Inc.*, Utah, 560 P.2d 315 (1977).