CREEKVIEW APARTMENTS, a Utah limited partnership, By and Through its general partner, HEDMAN INVESTMENTS, INC., Plaintiff and Appellant,

v.

STATE FARM INSURANCE COMPANY, Defendant and Respondent.

No. 870549–CA.

Court of Appeals of Utah.

March 28, 1989.

---

William G. Gibbs, Bruce J. Nelson, and Michael L. Dowdle, Salt Lake City, for plaintiff and appellant.

Darwin C. Hansen, Bountiful, for defendant and respondent.

Before BENCH, GARFF and GREENWOOD, JJ.

## OPINION

BENCH, Judge:

Plaintiff Creekview Apartments (Creekview) appeals from entry of summary judgment for defendant State Farm Insurance Company (State Farm). The trial court granted summary judgment based on a limitation clause in an insurance contract. We consider two issues on appeal: 1) whether State Farm waived the contractual limitation by failing to properly plead it as an affirmative defense; and 2) whether summary judgment was precluded by an issue of material fact. Under the circumstances of this case, we conclude that the contractual limitation is an affirmative defense which was not properly pleaded. We also conclude that the continuing nature of negotiations on plaintiff's insurance claim is a disputed issue of material fact precluding entry of summary judgment. We reverse and remand the case for further proceedings.

In January 1984, State Farm issued an insurance policy to Creekview's principal, Hedman Investments, Inc. (Hedman). This policy allegedly covered damage to, and loss of income from, the Creekview Apartment complex then under construction as well as Hedman's business offices. The policy also contained a provision that any actions against State Farm must be filed within one year of the date of loss.

On July 25, 1985, during the policy period, a fire occurred at Creekview, resulting in a loss of rental income of approximately $93,000. Creekview submitted a claim to State Farm for the lost income on January 28, 1986. After the claim was denied on March 7, 1986, Creekview submitted a formal complaint to the Utah Insurance Department. By letter dated September 30, 1986, the Insurance Department denied action on Creekview's complaint. Meanwhile, Richard Webb, State Farm's agent, resubmitted the claim to the insurer, and reconsideration was denied on September 29, 1986. Creekview filed suit for breach of the insurance contract on November 14, 1986.

State Farm's answer contained an affirmative defense alleging that the insured property did not include the apartments. Two depositions were taken. In June 1987, State Farm filed a motion for summary judgment, asserting for the first time that the one-year limitation contained in the policy had passed and suit on the policy was barred. Creekview submitted affidavits asserting that State Farm had waived the limitation period by continuing to engage in negotiations after the one-year period had run. Specifically, Creekview argued that the resubmission of its claim to State Farm constituted continued negotiation.

Relying solely on the contractual limitation, the trial court entered summary judgment for State Farm. This appeal followed and was heard under the expedited disposition procedure of R. Utah Ct.App. 31(a). We have subsequently determined that the issues presented here are better addressed by written opinion in accordance with R. Utah Ct.App. 31(f).

 Creekview contends on appeal that State Farm improperly raised the limitation clause as an affirmative defense in its motion for summary judgment. Utah R.Civ. P. 8(c) sets forth nineteen affirmative defenses which must be raised in responsive pleadings. "Responsive pleadings include answers to complaints and replies to counterclaims, and necessarily exclude motions." *Heritage Bank & Trust v. Lan-*

*don,* 770 P.2d 1009, 1010 (Utah App.1989). The statute of limitations is specifically listed as an affirmative defense under Rule 8(c); "contractual limitation" is not so specified.

The rule recognizes, however, that affirmative defenses include other matters "constituting an avoidance." A new matter becomes an "avoidance" when it suggests that a plaintiff's complaint is invalid for other reasons not embraced by the pleadings. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 1270, 1271 (1969). Here, the limitation clause suggests a new and independent reason why Creekview may not assert a claim; the allegations in the pleadings do not contemplate such a matter. Since the limitation clause raises a defense independent of the allegations in the pleadings, it constitutes an avoidance. Because it was not contained in a "responsive pleading," State Farm did not properly raise the limitations clause as an affirmative defense.[1]

■ Creekview also contends that its affidavits, filed in opposition to State Farm's motion, raise material issues of fact precluding summary judgment. Creekview argues that the affidavits show disagreement as to whether continuing negotiations occurred regarding State Farm's consideration of Creekview's insurance claim. This issue is material, according to Creekview, because *Anderson v. State Farm Fire & Casualty Co.,* 583 P.2d 101, 103 (Utah 1978), establishes that continuing negotiations by an insurer toll the running of a contractual limitation period.

Summary judgment is properly granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue of material fact and the moving party is entitled to judgment as a matter of law." Utah R.Civ.P. 56(c). In reviewing a summary judgment, we construe the facts and inferences in the light most favorable to the opposing party. *Reeves v. Geigy Pharmaceutical, Inc.,* 764

P.2d 636, 640 (Utah App.1988). If we conclude that a genuine issue of material fact exists, we must reverse the trial court's determination and remand for further proceedings. *Id.*

A disputed issue of fact can be created by one sworn statement under oath disputing the moving party's allegations. *W.M. Barnes Co. v. Sohio Natural Resources Co.,* 627 P.2d 56, 59 (Utah 1981). However, the party opposing a motion for summary judgment with an affidavit must set forth specific facts that would be admissible as evidence. Utah R.Civ.P. 56(e). An affidavit reflecting unsubstantiated or inadmissible conclusions fails to create an issue of fact. *Williams v. Melby,* 699 P.2d 723, 725 (Utah 1985).

After a review of the record, we conclude that affidavits filed by Creekview in response to State Farm's motion for summary judgment presented a question of material fact which defeated the motion for summary judgment. The trial court found that the affidavits were merely conclusory and presented no such issue. However, the affidavits demonstrate that there were continuing conversations with State Farm's claims department and efforts by the agent to resubmit the claim. According to the affidavits, State Farm did not categorically deny reconsideration of the claim until September 29, 1986, fourteen months after the fire occurred. These events, if proven, could establish Creekview's reasonable belief that a settlement was forthcoming. *See Anderson,* 583 P.2d at 104. (Crockett, J., concurring).

In view of the foregoing, the summary judgment is reversed, and the case is remanded for further proceedings.

GARFF and GREENWOOD, JJ., concur.

---

1. Utah R.Civ.P. 15(a) provides for the amendment of pleadings "once as a matter of course at any time before a responsive pleading is served...." *See also Heritage Bank,* 770 P.2d at 1010. After a responsive pleading has been filed, pleadings may be amended to assert an affirmative defense "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Utah R.Civ.P. 15(a).