**Royden V. CARTER, Plaintiff and Petitioner,**

v.

**Shirley HANRATH and Magdalene Stevens, Defendants and Respondents.**

No. 940592.

Supreme Court of Utah.

Oct. 22, 1996.

Brant H. Wall, Cory R. Wall, Salt Lake City, for plaintiff.

Frederick N. Green, Julie V. Lund, Salt Lake City, for defendants.

Robert L. Froerer, Ogden, for amicus Utah Council of Land Surveyors.

HOWE, Justice:

We granted certiorari to review a decision by the court of appeals in this case. *Carter v. Hanrath,* 885 P.2d 801 (Ct.App.1994), *cert. granted,* 899 P.2d 1231 (Utah 1995). We here state only a brief summary of the facts and refer the reader to the court of appeals' opinion for a more detailed statement of the facts and the evidence.

Plaintiff Royden V. Carter and defendants Shirley Hanrath and Magdalene Stevens are adjoining property owners in Duchesne County. Plaintiff is the owner of the north 1/2 of the N.E. 1/4 of section 20, Township 2 South, Range 6 West, Uintah Special Base and Meridian. Defendants are the owners of the S.E. 1/4 of section 17 in the same township and range. The boundary between the two descriptions is the section line which separates section 17 located to the north from section 20 on the south. Defendants' property consists of 160 acres which are undeveloped and unimproved. Eighty percent, or 148 acres, of the tract lies on a flat plateau. Approximately 700 feet north of the section line, the plateau abruptly ends at steep cliffs and ledges. The remaining twenty percent, or 32 acres, of defendants' property is on a lower level below the cliffs and ledges. Through this lower part, the Duchesne River courses. There is no access to this part from the plateau above. It is this part which is in dispute.

Plaintiff's property is relatively flat and has been used for farming and livestock raising by him and his predecessors in title since at least 1920. During that time, the property has been fenced on both the east and west sides. These fences extend across the section line and the Duchesne River and are anchored in the cliffs and ledges on defendants' property. Plaintiff's predecessors constructed a shed and feeding stalls across the section line near the river to shelter and feed their livestock.

Until January of 1960, defendants' property was owned by the United States. At that time, it was conveyed into private ownership, and in September of 1961, it was acquired by

Alva and Barbara Schrader. They purchased the property without inspecting it in any way. They resided in California and visited the property once when from a neighbor's land they saw cattle on the disputed area. After the death of Alva Schrader, Barbara Schrader conveyed the property to defendants Hanrath and Stevens in August of 1986. At that time, the property was surveyed, apparently for the first time, and the section line was located south of the river and approximately 700 feet south of the cliffs and ledges. Defendants made demand upon plaintiff to withdraw from possession of the area of their land lying between the section line and the cliffs and ledges. Plaintiff refused to do so and brought this action to quiet title to that area.

The trial court found that plaintiff and his predecessors in title had been in physical possession of the disputed area since 1920 and had used it for farming and the raising of livestock; that all during that time, the area was fenced on both the east and west sides right up to the base of the cliffs and ledges; that if defendants' predecessors in title had inspected their property, they could have seen the occupation and use made of the disputed area by plaintiff and his predecessors, but that they at no time challenged, contested, or otherwise objected to such use; that the cliffs and ledges constituted a natural monument in which the adjoining owners had acquiesced as the boundary between them for more than fifty years. On the basis of our case law on boundary by acquiescence, the court quieted title to the disputed area in plaintiff. Defendants appealed to this court, and we transferred the case to the court of appeals. That court affirmed the trial court's decree. 885 P.2d 801. We granted certiorari to review the decision of the court of appeals.

■ Defendants assail, on several grounds, the decision of the court of appeals affirming the trial court's decree. However, it will be necessary for us to discuss only one ground. Our case law makes it clear that there are four requirements which must be met before boundary by acquiescence can be established. They are:

(1) occupation up to a visible line marked definitely by monuments, fences, or buildings, and

(2) mutual acquiescence in the line as a boundary,

(3) for a long period of time,

(4) by adjoining land owners.

*Staker v. Ainsworth,* 785 P.2d 417, 420 (Utah 1990). As to the fourth requirement, we have held that boundary by acquiescence cannot be established when one of the adjoining tracts of land is part of the public domain. *Peterson v. Johnson,* 84 Utah 89, 34 P.2d 697 (1934); *see also Brown v. Milliner,* 120 Utah 16, 232 P.2d 202 (1951). Since the disputed area in this case is entirely within the southeast quarter of section 17, which was owned by the United States until January 1960, the occupation and use of that area by plaintiff's predecessors before that date avails plaintiff nothing. If boundary by acquiescence is to be established, it must rest on the acquiescence of the adjoining owners beginning at the time the disputed area went into private ownership and it must have continued for at least twenty years. *Jacobs v. Hafen,* 917 P.2d 1078 (Utah 1996).

In quieting title in plaintiff, the trial court, and the court of appeals in affirming the trial court, relied on *Lane v. Walker,* 29 Utah 2d 119, 120, 505 P.2d 1199, 1200 (1973), where we stated that acquiescence can consist of indolence or consent by silence. Those courts reasoned that because the Schraders knew or should have known that someone was using the disputed area of their land and raised no objection, they had acquiesced in the edge of the plateau with its cliffs and ledges as the boundary. However, *Lane v. Walker* and other cases with similar holdings can be distinguished from the instant case because of an important fact which is present here but was not present in those cases.

 Alva and Barbara Schrader acquired title to the 160 acres in section 17, which includes the disputed area, in September of 1961 and held title until it was acquired by defendants in August of 1986. During their years of ownership, the Schraders had no access to the disputed area. It was entirely landlocked. The trial court found that they could not access it from the remainder of their property, which was on the plateau above the disputed area. They did not own any adjoining tract from which access could be gained. Because of this inability to take physical possession of the disputed area, the indolence of the Schraders cannot be construed to be acquiescence. Their nonuse must be attributed to their physical inability to possess the disputed area, not to their acquiescence in the edge of the plateau with its cliffs and ledges as the boundary. We should not confuse nonuse because of lack of access with acquiescence. So far as we have been able to determine, our case law on acquiescence has never found acquiescence in a fence or monument short of the true boundary when an owner was unable to physically possess the full extent of his described property. The rule of boundary by acquiescence serves a useful and practical purpose when applied in the typical fact situation, where adjoining owners are seemingly content to recognize a marked line or monument not on the true line as the practical boundary between them. However, it would be an unwarranted extension of the rule to apply it where part of an owner's land is landlocked and his or her use of that part is impossible. In that situation, the owner's conduct in not using that part cannot realistically be characterized as acquiescence or consent by silence.

The judgment of the trial court and its affirmance by the court of appeals are reversed.

ZIMMERMAN, C.J., and DURHAM and RUSSON, JJ., concur.

STEWART, Associate C.J., concurs in the result.